[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11395
Non-Argument Calendar

_____

D.C. Docket No. 1:94-cr-00096-CC-ECS-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES TYRONE WALKER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 2, 2017)

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:

Charles Tyrone Walker (now with counsel) appeals the denial of his pro se

motion -- filed pursuant to 18 U.S.C. § 3613(b) -- to terminate the fine imposed as part of his sentence.  Reversible error has been shown; we vacate the district court's order and remand for further proceedings.

In July 1995, a jury found Walker guilty of conspiracy to sell, distribute, or dispense narcotics, in violation of 21 U.S.C. § 846.  On 1 November 1995, Walker was sentenced to 297 months' imprisonment and 8 years' supervised release; in addition, he was ordered to pay a $25,000 fine and a $100 special assessment.  Walker's term of imprisonment was later reduced to 240 months, pursuant to 18 U.S.C. § 582(c)(2).  Walker was released from prison on 2 November 2015.

Walker moved the district court to terminate his fine, pursuant to 18 U.S.C. § 3613(b).  In particular, Walker argued that -- for criminal defendants convicted before 24 April 1996 -- the obligation to pay a fine terminates 20 years after judgment was entered.  Because more than 20 years had elapsed from the date of his conviction, Walker contended he was no longer obligated to pay the $25,000 fine.

Under the Victim and Witness Protection Act ("VWPA") -- which was in effect at the time of Walker's 1995 conviction and sentencing -- a fine imposed as part of sentencing expired "(1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined."  18 U.S.C. § 3613(b) (1994).  The VWPA was then amended by the Mandatory Victim Restitution Act of 1996 ("MVRA").

2

Among other things, the MVRA provided that a defendant's "liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."  18 U.S.C. § 3613(b) (emphasis added).

The district court relied on the amended language of the MVRA to deny Walker's motion.  Because 20 years had not yet elapsed from the time Walker was released from prison, the district court determined that Walker was unentitled to relief under section 3613(b).  The MVRA provides expressly, however, that amendments made pursuant to the Act are "effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act." Pub. L. No. 104-132, § 211, 110 Stat. 1214 (1996).  The MVRA was enacted on 24 April 1996.  See generally Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Given Congress's stated intent that the MVRA apply only to defendants convicted on or after 24 April 1996, the district court erred in applying retroactively a provision of the MVRA to Walker's 1995 sentence.  We vacate the district court's order and remand the case for reconsideration of Walker's motion to terminate based on the law in effect when Walker was sentenced.

VACATED AND REMANDED.

3